IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

APRIL RISH                                                                                         PLAINTIFF

v.                                                         CIVIL NO. 1:16-CV-195-HSO-JCG

AAROW PEST CONTROL OF BATON ROUGE, INC.;
RON STERLING; AND JOHN DOE
DEFENDANTS A THROUGH F                                              DEFENDANTS

### ORDER DENYING WITHOUT PREJUDICE
### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [8]
### AS TO DEFENDANT RON STERLING

BEFORE THE COURT is Plaintiff April Rish's Motion for Default Judgment [8] as to Defendant Ron Sterling filed on September 19, 2016. After due consideration of Plaintiff's Motion, the record, and the relevant law, the Court is of the opinion that Plaintiff's Motion should be denied without prejudice.

### I. PROCEDURAL HISTORY

Plaintiff April Rish ("Plaintiff") filed her Complaint [1] on June 8, 2016. Plaintiff filed the Proof of Service [5] of Summons on Defendant Ron Sterling ("Defendant Sterling") on September 1, 2016. The docket entry for the Proof of Service reflects that the date of service was August 17, 2016, and that Defendant Sterling's answer was due on September 7, 2016. *See* FED. R. CIV. P. 12(a)(1)(A)(i) (answer due within 21 days).

On September 16, 2016, Plaintiff filed a Request for Entry of Default [6] as to Defendant Sterling on grounds that he had not filed a responsive pleading. A Clerk's Entry of Default [7] was entered on September 16, 2016. Plaintiff then moved on September 19, 2016, for this Court to enter a Default Judgment against

Defendant Sterling.  As of the date of this Order, no response has been filed by Defendant Sterling.

## II.  DISCUSSION

Plaintiff's Complaint seeks to impose joint and several liability on all Defendants in this case.  Compl. [1] at 5.  For this reason, the Court is of the opinion that granting Plaintiff's Motion for Default Judgment [8] would be premature at this time.

Federal Rule of Civil Procedure 55(b)(2) provides that, if a plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, the party must apply to the court for a default judgment.  The United States Court of Appeals for the Fifth Circuit has acknowledged that Rule 55(b)(2) does not include mandatory language requiring a district court to enter a default judgment.  *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).  Rather, it has held that "a district court has the discretion to decline to enter a default judgment."  *Id.*  The Fifth Circuit has also noted that "default judgments are disfavored."  *Id.*  "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989).  "[T]hey are available only when the adversary process has been halted because of an essentially unresponsive party."  *Id.* (internal citations omitted).

Judgment by default is not appropriate against Defendant Sterling at this time because Plaintiff seeks to impose joint and several liability on all Defendants.

According to the United States Supreme Court's decision in *Frow v. De La Vega*,

> [t]he true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal *decree pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike -- the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

*Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

In 2001, the Fifth Circuit held that when a plaintiff asserts that all defendants are jointly and severally liable, a default judgment should not be entered against any defendant while the outcome of the case is still pending. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). When "a defending party establishes that plaintiff has no cause of action . . . this defense generally inures to the benefit of a defaulting defendant." *Id.* (quoting *United States v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967)). "The policy rational for this rule is that it would be incongruous and unfair to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants." *Id.* (citation and quotation omitted); *see Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992) ("When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its

3

determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved."); *see also Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 146-48 (10th Cir. 1985) (reversing district court's judgment denying vacation of default judgment in action where plaintiffs sought joint and several liability, and remanding to reduce default judgment to an amount consistent with adjudication of liability and damages by the jury against non-defaulting co-defendant).

Based on the foregoing authorities and the record in this case, the Court is of the opinion that, because Plaintiff seeks to impose joint and several liability against all Defendants in this case, it would be premature to grant Plaintiff's Motion at this juncture of the proceedings.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Motion for Default Judgment [8] as to Defendant Ron Sterling is **DENIED WITHOUT PREJUDICE**, with leave to reassert once the claims against the other Defendants have been adjudicated.

**SO ORDERED AND ADJUDGED**, this the 27th day of September, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE